IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DORA MARITZA AGUILAR, | * | |
| WILLIAM ANTONIO MEGIA, | | |
| | * | |
| Plaintiffs, | | |
| | * | |
| v. | | Civil Action No. RDB-11-02352 |
| | * | |
| LR COIN LAUDROMAT, INC., | | |
| SUNG P. HONG, | * | |
| | | |
| Defendants. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM OPINION

Plaintiffs Dora Maritza Aguilar ("Aguilar") and William Antonio Megia ("Megia") (collectively "Plaintiffs") brought this action against LR Coin Laudromat, Inc. ("LR Coin") and Sung P. Hong ("Hong") (collectively "Defendants") alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 to 219 ("FLSA") (Counts I & II), the Maryland Wage Payment and Collections Law, Md. Code Ann., Lab. and Empl. §§ 3-501 to 3-509 (Count III) and the Maryland Wage and Hour Law, Md. Code Ann., Lab. and Empl. §§ 3-401 to 3-431 (Count IV). Plaintiff Megia also alleges unjust enrichment in violation of Maryland law (Count V). Presently pending before this Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 5). Also pending is Plaintiffs' Motion to Strike Defendants' Reply or in the Alternative for Leave to File Surreply (ECF No. 9). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiffs Aguilar and Megia's Motion to Strike or in the Alternative to File a Surreply (ECF No. 9) is DENIED.

Defendants LR Coin Laundromat, Inc. and Sung P. Hong's Motion to Dismiss (ECF No. 5) is GRANTED.

BACKGROUND

LR Coin Laundromat ("LR Coin") is a corporation located in Howard County Maryland which offers coin-operated and attendant laundry services. Pls.' Compl. ¶¶ 3, 11, ECF No. 1. Defendant Sung P. Hong ("Hong") is the sole owner of LR Coin and is a resident of Montgomery County Maryland. *Id.* ¶¶ 4, 11. Plaintiffs Dora Maritza Aguilar ("Aguilar") and William Antonio Megia ("Megia") are both residents of Howard County Maryland where they "live together in a committed relationship." *Id.* ¶ 2. Plaintiffs collectively bring this action against both LR Coin and Defendant Hong. *Id.* ¶¶ 1-2. In ruling on a motion to dismiss, the factual allegations in the Plaintiffs' Complaint must be accepted as true and those facts must be construed in the light most favorable to them. *See, e.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

Plaintiff Aguilar became employed as a laundry attendant at LR Coin in February of 2010. Pls.' Compl. ¶ 12. Her responsibilities included assisting customers, washing and folding clothes, cleaning the facilities and the washing machines as well as operating the television sets. *Id.* ¶12; *see also* Aguilar Aff. ¶¶ 4-7, ECF No. 7-1. She alleges that Defendant Hong informed her that she would receive $7.50 per hour worked from Monday through Friday and $8.50 per hour worked on Saturdays and Sundays. Pls.' Compl. ¶ 13. She also alleges that from February 2010 until June 2010, she worked approximately 51 hours per week and that from June 2010 to July 22 2011, she worked approximately 52.5 hours per week. *Id.* ¶¶ 14 – 16. However, despite repeatedly working over forty hours a week,

2

Plaintiff Aguilar alleges that Defendants LR Coin and Hong never remunerated her overtime work according to the time and a half standard imposed by the statutes. *Id.* ¶ 17. Moreover, Aguilar claims that after closing LR Coin, she routinely would work an additional thirty to forty-five minutes during which she would clean and perform closeout duties. *Id.* ¶ 18. She alleges that this work was not remunerated by the Defendants. *Id.*

Plaintiffs further allege that Defendant Hong indicated that Plaintiff Aguilar should not close the business by herself due to safety concerns and "told [her] to bring William Antonio Megia to the store every night for security." *Id.* ¶¶ 20-21. As a result, Plaintiff Megia alleges that he routinely came to the business to "act[ ] as security" but also assisted Plaintiff Aguilar with "the laundry's closeout duties." *Id.* 21. He claims that he worked for one hour, seven nights a week, from June 2010 until June 2011 and further claims that he worked for one hour, six nights a week, from June 2011 to July 22, 2011. *Id.* ¶¶ 21, 39. However, Plaintiff Megia claims that in violation of the statutes and Maryland law, Defendants LR Coin and Hong never remunerated him for his services. *Id.* ¶¶ 21, 30, 39, 43.

As a result, both Plaintiffs filed the present action for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 to 219 ("FLSA") (Counts I & II), the Maryland Wage Payment and Collections Law, Md. Code Ann., Lab. and Empl. §§ 3-501 to 3-509 (Count III), the Maryland Wage and Hour Law, Md. Code Ann., Lab. and Empl. §§ 3-401 to 3-431 (Count IV) and Maryland law (Count V). Presently pending before this Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 5). Also pending is Plaintiffs' Motion to Strike Defendants' Reply or in the Alternative for Leave to File Surreply (ECF No. 9).

STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Maryland Dept. of Public Safety & Correctional Services*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

## ANALYSIS

### I.   Plaintiffs' Motion to Strike or for Leave to File a Surreply

On October 26, 2011, Plaintiffs moved to strike Defendants' Reply to Plaintiffs' Opposition to Motion to Dismiss (ECF No. 8-1).  Pls.' Mot. to Strike, ECF No. 9-1. Plaintiffs argue that Defendants' Reply should be stricken because it introduces new arguments and new evidence which were not part of their original motion to dismiss.  Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike and only permits the striking from a pleading of "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike under Rule 12(f) are disfavored and "should be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Schultz v. Braga*, 290 F. Supp. 2d 637, 654–55 (D. Md. 2003).  Accordingly, "in reviewing motions to strike . . . federal courts have traditionally 'view[ed] the pleading under attack in a light most favorable to the pleader.'"  *Palmer v. Oakland Farms, Inc.*, No. 5:10-cv-00029, 2010 WL 2605179, at *2 (W. D. Va. June 24, 2010) (quoting *Clark v. Milam*, 152 F.R.D. 66, 71 (S. D. W. Va. 1993)).  In this case, the arguments made by Defendants in their reply brief are merely responses to new arguments made by Plaintiffs in their response. There is nothing "redundant, immaterial, impertinent, or scandalous" about Defendants' Reply.  Moreover, Defendants' contentions are clearly related to the controversy and do not cause any prejudice to the parties.  As such, Plaintiffs' Motion to Strike is DENIED.

Alternatively, Plaintiffs move for Leave to File a Surreply concerning the reliability of Defendant Hong's affidavit and the tax return submitted on behalf of LR Coin.  Plaintiffs argue that they have evidence concerning the reliability of this evidence.  Pls.' Mot to Strike

5

at 6.  A party moving for leave to file a surreply must show a need for a surreply.  *Stoyanov v. Mabus*, No. 07–1764, 2009 WL 4664518, at *8 (D. Md. Dec. 9, 2009).  If a defendant raises new legal issues or new theories in its reply brief, there is a basis to permit a plaintiff to file a surreply.  *TECH USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 862 (D. Md. 2009); *Interphase Garment Solutions, LLC, v. Fox TV. Stations, Inc.*, 566 F. Supp. 2d 460, 466 (D. Md. 2008). Moreover, "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."  *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).  However, Defendants' reply brief does not introduce new theories or legal issues.  In fact, Defendants merely respond to Plaintiffs' allegations concerning the annual gross income of LR Coin and allegations about Plaintiffs' responsibilities.  While Plaintiffs allege that, should they be able to file a surreply, they could make arguments and present evidence concerning the reliability of the tax return evidence, Plaintiffs' response in opposition already contains Plaintiffs' arguments concerning the annual gross volume of sales of the business.  Moreover, this Court has previously accepted a defendant's affidavits and tax returns as evidence of his business' annual gross volume of sales or business done.  *See Russell v. Continental Restaurant, Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006).  Furthermore, Plaintiffs' contention that in submitting this evidence Defendants sought to convert their motion to dismiss into a motion for summary judgment is without merit.  *See Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) ("Generally, when a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary

judgment."). Therefore, Plaintiffs have not demonstrated a need for a surreply. As such, Plaintiffs' Motion for Leave to File a Surreply is DENIED.

## II.     Defendants' Motion to Dismiss pursuant to Rule 12(b)(1)

Counts I and II of Plaintiffs Complaint allege violations of Sections 206 and 207 of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 to 219 ("FLSA"). Section 206, sets the minimum wage requirement ($7.25 per hour) which employers are required to pay employees "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206. Under Section 207, businesses may not cause "employees engaged in commerce or in the production of goods for commerce" to work more than forty hours per week "unless such employee[s] receive[ ] compensation for [their] employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which [they are] employed." 29 U.S.C. § 207. Defendants LR Coin and Sung P. Hong, in support of their pending motion to dismiss, contend that this Court lacks subject matter jurisdiction over this action. Specifically, Defendants contend that they are not subject to the Fair Labor Standards Act because they are not an enterprise engaged in commerce and Plaintiffs are not employees engaged in commerce or the production of goods.

This Court has previously held that "an employer is subject to the FLSA if one of two pre-requisites is satisfied: (1) an employee is engaged in commerce or the production of goods for commerce ("covered employee") or (2) the employer is an enterprise engaged in commerce or in the production of goods ("enterprise coverage")." *Diaz v. HBT, Inc.*, RWT-11-1856, 2012 WL 294749, *2 (D. Md. Jan. 31, 2012); *see also Russell v. Continental Restaurant,*

*Inc.*, 430 F. Supp. 2d 521, 523-27 (D. Md. 2006).[1]  The enterprise coverage standard is satisfied where an enterprise (i) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and* (ii) . . . whose annual gross volume of sales made or business done is not less than $500,000 . . ." 29 U.S.C. § 203(s)(1)(A)(i)-(ii) (emphasis added).  "Initially, a plaintiff must demonstrate that the employer has annual gross volume of sales or business done of $500,000 or more." *Diaz*, 2012 WL 294749, at *2 (citing *Russell*, 430 F. Supp. 2d at 524.  The court then determines whether the first prong of the enterprise coverage standard is satisfied.  *Diaz*, 2012 WL 294749, *2.  In *Russell*, however, this Court did not make a determination as to the first prong but instead held on the basis of an affidavit and tax return evidence that the restaurant in question did not satisfy the enterprise coverage standard because its annual gross volume of sales was lower than the required $500,000.  *Russell*, 430 F. Supp. 2d at 524.

In the present case, Defendants have provided an affidavit and a tax return for the year 2010 indicating that the gross volume of sales made or business done was of $248.409.00 for 2010.  Hong Aff. and Tax Return, ECF No. 8-2.  Moreover, Defendant Hong states in his affidavit that the "annual gross volume of sales made or business done has *always* been well under $500.000."  *Id.* at 2 (emphasis added).  Thus, even if this Court determined that Defendants' employees "engaged in commerce or the production of goods for commerce or . . . handle[d], [sold], or otherwise work[ed] on goods or materials that have

[1] Plaintiffs argue that whether a defendant is subject to the FLSA is not a jurisdictional issue.  However, in both *Russell* and *Diaz*, this Court reviewed this issue under the Rule 12(b)(1) standard and has held that where an employer is not subject to the FLSA, the court lacks subject matter jurisdiction over the case and vice-versa.  *See generally Diaz v. HBT, Inc.*, RWT-11-1856, 2012 WL 294749 (D. Md. Jan. 31, 2012); *Russell v. Continental Restaurant, Inc.*, 430 F. Supp. 2d 521, 523-27 (D. Md. 2006).

been moved in or produced for commerce by any person," their enterprise would not be covered under the FLSA because it does not satisfy the annual volume of sales requirement. 29 U.S.C. § 203(s)(1)(A)(i). Therefore, Defendants have established that they are not subject to the FLSA under the enterprise coverage standard.

Nevertheless, Defendants may be subject to the FLSA if Plaintiffs meet the covered employee standard. *See Russell*, 521 F. Supp. 2d at 524 ("Even if an employer does not meet the 'enterprise engaged in commerce' requirements, the FLSA's provision may cover a particular employee if that employee was 'engaged in commerce or in the production of goods.'"). "To determine whether an employee performed such work, a court must focus its inquiry on the activities of the employee and not on the business of the employer." *Id.* (citing *Mitchell v. Lublin McGaughy and Assocs.*, 358 U.S. 207, 211 (1959). "[T]he definitive test is . . . whether the employee participated in the channels of commerce." *Russell*, 521 F. Supp. 2d at 525.

In *Russell*, a case involving a waitress' claim that she was engaged in commerce while working at a local restaurant, this Court found that even though food prepared at a restaurant was served to out-of-state patrons, that fact did not prove that the food was prepared for interstate commerce.[2] *Id.* As a result, this Court held that a waitress' "service of out-of-state patrons [did] not implicate interstate commerce." *Id.* Additionally, the Court also found that "[i]t is clear that communications with vendors and [the] processing of credit card payments [did] not bring Plaintiff's claim within the ambit of the FLSA." *Id.* "[A]n employee who uses interstate communications incidentally is not covered by the FLSA." *Id.*

---

[2] Also of note in *Russell* is the fact that the parties conceded that the restaurant in question was essentially local. *Russell*, 521 F. Supp. 2d at 525.

at 526; *see also* 29 C.F.R. § 776.10(b) ("[E]mployees whose work involves the continued use of interstate mails, telephone or similar instrumentalities for communication across state lines are covered by the act. This does not mean that any use by an employee of the mails and other channels of communication is sufficient to establish coverage."). Furthermore, this Court held that "whether the produce Plaintiff handled was grown or manufactured in another state [was] simply irrelevant, and Plaintiff's serving of food [was] insufficient to bring her employment within the purview of the FLSA." *Russell*, 521 F. Supp. 2d at 527. In holding the later, this Court specifically relied on Supreme Court precedent distinguishing between covered "employees who handle goods for a wholesaler and move these goods interstate from those who handle goods after an employer acquires the goods for local disposition" and may only bring successful FLSA claims where the employer "meets the definition of an enterprise engaged in commerce." *Id.* at 526, n. 2 (citing *McLeod v. Threlkeld*, 319 U.S. 491, 493 (1943)) (internal quotation marks omitted).

In the Complaint, Plaintiff Aguilar alleges that her laundry attendant responsibilities included "washing and folding clothes, attending to clients, and cleaning the facilities." Pls.' Compl. ¶ 12, ECF No. 1. Her affidavit supplements these allegations which seemingly fall in three categories. Aguilar Aff., ECF No. 7-1. First, she alleges that she "handled, sold, and otherwise worked on goods and materials that had been moved in or produced for commerce."[3] *Id.* ¶ 4. Specifically, she refers to selling detergent, fabric softener and bleach to customers through automated dispensers which she was required to refill. *Id.* ¶ 5. She

---

[3] This terminology is applicable under the first prong of the enterprise coverage standard. Here, this Court focuses on whether Aguilar's alleged activities for LR Coin indicate that she participated in the channels of commerce.

also alleges that she was responsible for filling the on-site soda machines for customers' purchase and that these sodas were often purchased and taken off-site. *Id.* She further claims that she repaired washing machines and dryers of the "Wascomat" brand. *Id.* ¶ 6. She also refers to using "Windex," "Clorox," and other cleaning supplies to clean the facilities and notes that she regularly operated "Samsung" televisions. *Id.* ¶ 7. Second, she alleges that she regularly "handled interstate mail and received or handled goods or materials from out-of-state sources." *Id.* ¶ 4. In support of this allegation, she asserts that she received large deliveries of unpacked laundry related goods approximately twice a month and that six days a week she received mail for LR Coin, a portion of which was sent from out-of-state. *Id.* She further claims that she regularly received telephone calls for the Laundromat. *Id.* Third, she claims that she "occasionally attended long-haul truckers or customers on vacation or otherwise travelling." *Id.*

The parallels between this case and the *Russell* case are rather clear. While the actual service they provide may be different, a laundry attendant and a waitress essentially have similar functions and responsibilities in their respective businesses. Both work in the service industry and as such are responsible for caring for customers and for the general cleanliness of the business. In many instances, waitresses and laundry attendants have closeout duties and must receive mail, goods and payments for the business and its services. With that in mind, this Court's analysis in *Russell* is equally applicable.

First, although the parties disagree as to whether the business is local, much like the waitress in *Russell*, Aguilar alleges that the goods she sold and handled at LR Coin came from out-of-state. However, similar to the Court's ruling in *Russell*, the fact that the goods sold

and handled come from out of state "is insufficient to bring her employment within the purview of the FLSA." *Russell*, 521 F. Supp. 2d at 527.  Specifically, it is clear that the laundry products and the sodas were purchased by LR Coin to be used at the business. Nowhere does Plaintiff allege that LR Coin was engaged in the wholesale of either the sodas or the laundry products.  Moreover, Defendant Song alleges in his affidavit that "[a]ll supplies to LR Coin Laundromat, Inc. [were] purchased from a single Maryland distributor, B&G Supply Co., Inc." Song Aff. ¶ 4, ECF No. 8-2.  Song further alleges that B&G Supply is located in Baltimore, Maryland and provides evidence from the Maryland Department of Assessments and Taxation that the store is incorporated in Maryland.  *Id.*  As such, it is also evident that while Plaintiff Aguilar alleges that she received deliveries of laundry products, these products did not come from out-of-state.  Second, Aguilar's receipt of out-of-state mail and responses to telephone calls do not constitute "continued use of interstate mails, telephone or similar instrumentalities for communication across state lines . . . covered by the act." 29 C.F.R. § 776.10(b).  Plaintiff Aguilar was not "directly engaged in the work of "communication" between the State and places outside the State." *Id.*  She merely received mail addressed to the business and telephone calls for the business.  She fails to allege whether these calls routinely came from another state.  In sum, much like a waitress' conversations with vendors and the processing of credit card payments are not sufficient to satisfy the covered employee standard, simply receiving mail and phone calls addressed to a business on occasion from another state is not sufficient to conclude that Aguilar participated in the channels of commerce.  Finally, a laundry attendant's "service of out-of-

state patrons does not implicate interstate commerce." *Russell*, 521 F. Supp. 2d at 525.  As a result Plaintiff Aguilar's responsibilities do not involve interstate commerce.

With respect to Plaintiff Megia, the Complaint alleges that in addition to providing security for Plaintiff Aguilar, he also cleaned the facilities and assisted her in "the laundry's closeout duties."  Pls.' Compl. ¶ 21.  In her affidavit, Plaintiff Aguilar alleges that Plaintiff Megia "handled, sold, and otherwise worked on goods and materials that have moved in or [were] produced for commerce."  Aguilar Aff. ¶ 8.  For the same reasons that Plaintiff Aguilar's responsibilities do not involve interstate commerce, Plaintiff Megia did not participate in the channels of commerce.  Both Plaintiffs do not meet the covered employee standard requirements.  Consequently, because Defendants do not satisfy the "enterprise engaged in commerce" standard and Plaintiffs are not covered employees, Plaintiffs' Fair Labor Standards Act claims as set forth in Counts I and II are DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 1367(c)(3), this Court has discretion to decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction."  In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the Supreme Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a superfooted reading of applicable law."  Accordingly, because all federal claims have been dismissed with prejudice, this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.  As such, those remaining state law claims as set forth in Counts III, IV and V are DISMISSED WITHOUT PREJUDICE.  Therefore,

Defendants LR Coin Laundromat, Inc. and Sung P. Hong's Motion to Dismiss (ECF No. 5) is GRANTED.

CONCLUSION

For the reasons stated above, Plaintiffs Aguilar and Megia's Motion to Strike or in the Alternative to File a Surreply (ECF No. 9) is DENIED and Defendants LR Coin Laundromat, Inc. and Sung P. Hong's Motion to Dismiss (ECF No. 5) is GRANTED.


A separate Order follows.


Dated:      May 2, 2012                    /s/_____
                                                     Richard D. Bennett
                                                     United States District Judge